IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01853-REB-CBS

VIC BARBISH PERSONAL GEMS, INC., et al.,

    Plaintiffs,

v.

WELLS FARGO AND COMPANY, and
ALLEN BHAK,

    Defendants.

## ORDER DENYING MOTION TO DISMISS
## FOR FAILURE TO EFFECT SERVICE

**Blackburn, J.**

The matter before me is **Defendant Allen Bhak's Motion to Dismiss For Failure to Effect Service** [#21], filed March 15, 2006. I deny the motion.

Plaintiffs filed this action on September 22, 2005. Therefore, they were required to effect service by January 20, 2006. **FED.R.CIV.P. 4(m)**. Although plaintiffs requested an extension of time in which to serve defendant Allen Bhak on January 19, 2006, the magistrate judge denied that motion without prejudice, finding that plaintiffs' conclusory assertions of diligent efforts to serve Bhak were insufficient to establish good cause for the failure to effect service within the 120-day deadline. (**Minute Order** [#15], filed January 25, 2006.) Plaintiffs did not move to reconsider that ruling or otherwise further substantiate their request for an extension. However, they did ultimately locate Bhak,

who was finally served on March 8, 2006.[1]  This motion followed.

Pursuant to Fed.R.Civ.P. 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

**FED.R.CIV.P. 4(m)**.  As interpreted by the Tenth Circuit, this rule requires me to engage in a bipartite inquiry.  First, I must determine whether plaintiffs have established good cause for their failure to effect timely service.  **Espinoza v. United States**, 52 F.3d 838, 841 (10th Cir. 1995).  If so, they are entitled to a mandatory extension of time.  *Id*.  Second, even if plaintiffs have not established good cause, I still must consider whether a permissive extension is warranted.  *Id*.; *see also* **FED.R.CIV.P. 4(m)**, adv. comm. note (noting that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").  I have discretion in making both these determinations.  **See Hendry v. Schneider**, 116 F.3d 446, 449 (10th Cir. 1997); **Espinoza**, 52 F.3d at 840-41.

Applying these standards, I find that plaintiffs have not shown good cause for their failure to effect timely service on Bhak.  Plaintiffs' description of their efforts to serve Bhak are only slightly less obtuse than those presented in their January 19 motion for extension of time.  Plaintiffs claim that they were unsuccessful in contacting Bhak by telephone "in separate calls made in the months of December, January, and again in March."  Plaintiffs assert also that they were unable to locate a physical

---

[1] Although plaintiffs claim that Bhak was served on March 8, he maintains that service was effected on March 13.

address for Bhak "after conducting address searches using various investigative data bases." I find these inexplicit averments insufficient to establish good cause, and, thus, plaintiffs are not entitled to a mandatory extension of time under Rule 4(m). *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule.").

Notwithstanding, I still must consider whether plaintiffs are entitled to a permissive extension. One of the considerations guiding my exercise of discretion in this regard is whether any applicable statutes of limitation may bar plaintiffs from refiling if their claims are dismissed without prejudice. *Espinoza*, 52 F.3d at 841.[2] Plaintiffs once again offer little assistance in this regard, asserting only that, "although not certain, there is a possibility that certain statutory time periods may run during the interim while these motions are being resolved." I am neither inclined nor required to undertake the legal research plaintiffs have not seen fit to do themselves.

Nevertheless, and although I do not condone either plaintiffs' apparent lack of diligence in effecting service or their patently insufficient explanation for same, Bhak presents no argument or evidence to suggest that he is or will be prejudiced by the roughly fifty-day lapse between the expiration of the deadline and the date he was actually served. It is always the preference of federal courts to resolve cases on the merits as opposed to dismissing them for technical defaults. *See Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001); *Crocker v. Durkin*, 159 F.Supp.2d 1258, 1270 (D. Kan. 2001). Moreover, it would not serve the overarching purpose of the Federal Rules of Civil Procedure, embodied in Rule 1, of ensuring the

---

[2] Other potentially relevant considerations include whether the plaintiff is proceeding *pro se* and whether the case is one involving "the complex requirements of multiple service under Rule 4(l)." *Espinoza*, 52 F.3d at 842. Neither of these factors is relevant here.

"just, speedy, and inexpensive determination of every action" to dismiss this case for failure to effect timely service.  Therefore, in the exercise of my discretion, I find and conclude that plaintiffs are entitled to a permissive extension of the 120-day deadline of Rule 4(m).  Accordingly, Bhak's motion should be denied.

**THEREFORE, IT IS ORDERED** that **Defendant Allen Bhak's Motion to Dismiss For Failure to Effect Service** [#21], filed March 15, 2006, is **DENIED**.

Dated April 21, 2006, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**