IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01853-REB-CBS

VIC BARBISH PERSONAL GEMS, INC.,
HIGHLAND HOLDINGS, LLC,
VICTOR BARBISH,
MARIO BARBISH,
HARRY HARRISON, and
KAREN KLAUSMEYER,

    Plaintiffs,

v.

WELLS FARGO AND COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER
OR AMEND DISMISSAL OF CLAIMS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion To Alter or Amend Dismissal of Claims Pursuant to Federal Rule of Civil Procedure 59(e)** [#125], filed April 11, 2007. I deny the motion.

Contrary to defendant's argument, plaintiffs' motion is timely filed. *See* **FED.R.CIV.P.** 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.").[1] Nevertheless, the bases for granting a

---

[1] The **Judgment** [#118] was entered March 28, 2007. Despite several unsuccessful attempts to file a motion in compliance with my Civil Practice Standards, plaintiffs' motion ultimately was properly filed on April 11, 2007, ten days from the entry of judgment, excluding intervening holidays and weekends. **FED.R.CIV.P.** 6(a); *see also Heffington v. Sedwick County District Court*, 2007 WL 211280 at *1 (10th Cir. Jan. 29, 2007), *cert. denied*, 128 S.Ct. 206 (2007). Moreover, even though I

motion to reconsider are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Plaintiffs' motion to reconsider does little more than rehash evidence I previously found insufficient to justify submission of their claims to the jury. Plaintiffs' mere disagreement with my assessment of the cogency and probativity of their evidence, or lack thereof, however, is not a sufficient basis on which to alter the judgment or grant a new trial.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion To Alter or Amend Dismissal of Claims Pursuant to Federal Rule of Civil Procedure 59(e)** [#125], filed April 11, 2007, is **DENIED**.

Dated January 22, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

agree with defendant that plaintiffs' motion is more accurately construed as a motion for new trial under Rule 59(a), the deadline is still the same. *See* FED.R.CIV.P. 59(b).